IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | ) | Case No. 26-17757-MMH |
| | ) | (Chapter 11) |
| PSC Thrive, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 26-17758-MMH |
| In re: | ) | (Chapter 11) |
| | ) | |
| Jenk's Best Living, LLC | ) | *Joint Administration Motion Pending* |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION TO APPROVE
EMPLOYMENT OF THE CASPER FIRM, LLC AS
<u>SPECIAL COUNSEL TO JENK'S BEST LIVING, LLC</u>**

Comes now Jenk's Best Living, LLC (the "Debtor"), pursuant to sections 327 and 329 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Federal Rule of Bankruptcy Procedure 2014, and applies to engage The Casper Firm, LLC ("Casper"), as special counsel to the Debtor, and in support thereof states as follows:

1.      These cases were commenced when the Debtors filed petitions for chapter 11 relief, pursuant to section 301 of the Bankruptcy Code, on July 19, 2026.

2.      The Debtor is, and at all times relevant have been, a debtor-in-possession.

3.      Approval is instantly sought of Casper's employment to represent the Debtor in the matter of *Jenk's Best Living, LLC v. Kulick, et al.*, Case No. 26-176-MMH (Bankr. D. Md. 2026) (the "Adversary Proceeding").

4.      Casper will work alongside the Debtor's proposed general reorganization counsel, in prosecuting the Adversary Proceeding, with Casper focusing on the non-bankruptcy-centric

1

aspects of the case and the Debtor's proposed general reorganization counsel focusing on the chapter 5 claims brought in the case and the bankruptcy-centric idiosyncrasies of the case.

5.    Casper has previously represented the Debtor (including in connection with related litigation in Oklahoma), has a pre-petition relationship with the Debtor, and is believed to be a creditor of the Debtor's estate and a related bankruptcy estate, on account of pre-petition work performed but not billed. Accordingly, Casper's engagement is expressly sought only under section 327(e) of the Bankruptcy Code.

6.    Casper's familiarity with the issues in the Adversary Proceeding and with the Debtor itself will be a benefit to the Debtor's estate, promoting synergy and efficiency in this discreet matter.

7.    The declaration of Ari Casper, the principal of Casper, is appended hereto as Exhibit A.

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter an order approving the employment of The Casper Firm, LLC as special counsel to the Debtor; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 21, 2026          By:    /s/ Maurice B. VerStandig
                                     Maurice B. VerStandig, Esq.
                                     Bar No. 18071
                                     The VerStandig Law Firm, LLC
                                     9812 Falls Road, #114-160
                                     Potomac, Maryland 20854
                                     Phone: (301) 444-4600
                                     mac@mbvesq.com
                                     *Proposed Counsel for the Debtor*

*[Certificate of Service on Following Page]*

2

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 21st day of July 2026, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein, including:

- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig, Esq.