Entered: August 10th, 2026
Signed: August 10th, 2026

**SO ORDERED**



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Jenk's Best Living, LLC, | * | Case No. 26-17758-MMH |
| | * | |
| Debtor. | * | Chapter 11 |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### ORDER TO APPEAR AND SHOW CAUSE WHY VENUE SHOULD NOT BE TRANSFERRED TO ANOTHER DISTRICT

This matter is before the Court upon review of the docket in the above-captioned bankruptcy case. The Court may, sua sponte, transfer a case to any other district if the Court determines that the transfer is in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. § 1412; Fed. R. Bankr. P. 1014(a)(1). For the reasons set forth below, Jenk's Best Living, LLC (the "Debtor") is ordered to appear and show cause why this case should not be transferred to the United States Bankruptcy Court for the Northern District of Texas, the Western District of Oklahoma, or another judicial district where venue is proper.

The Debtor filed a voluntary petition for relief commencing the above-captioned chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Maryland on July 19, 2026. ECF 1. With the petition, the Debtor also filed, among other things, a Motion for Joint Administration of Jenk's Best Living, LLC and PSC Thrive, LLC (the "Motion for Joint

Administration"), a Motion to Redact and Restrict Public Access, a Motion for Leave to Incur Post-Petition Debts and Use Cash Collateral, a Motion to Expedite and Hold First Day Hearings, and a Statement of Corporate Ownership (the "First Day Filings"). ECF 4, 5, 7, 9, 11. The Debtor also filed a related adversary proceeding (the "AP"). Adv. No. 26-00176-MMH. On July 22, 2026, the Court held a hearing on the First Day Filings and the emergency relief requested in the AP (the "Hearing").

The Debtor is a Kansas Limited Liability Corporation. ECF 1, Adv. No. 26-00176-MMH, ECF 11. By the Motion for Joint Administration, the Debtor requested that the Court jointly administer the Debtor's case with that of PSC Thrive, LLC,[1] an entity incorporated in Maryland. ECF 4. Although the Court granted the Motion for Joint Administration, venue for Jenk's Best Living, LLC in this district is based solely on its affiliation with PSC Thrive, LLC. There does not appear to be any independent basis for venue in this district. 28 U.S.C. § 1408(1). The Debtor's mailing address is 6911 South 66th East Avenue, Suite 100, Tulsa, OK 74133, and its primary asset is located at 204 South Riverfront Drive, Jenks, Oklahoma 74037 (this property is commonly known as, and referenced herein as, "THRIVE Jenks"). ECF 1.

This bankruptcy case appears to be a small portion of a larger dispute involving, at minimum, YSA Investments 1, LLC, and potentially other related entities, and Marc Kulick and a variety of entities he created to own and operate a number of apartment complexes and/or other real property rentals, including THRIVE Jenks. The majority of those properties appear to be located in Oklahoma. In addition to the cases filed in Maryland, several of the Kulick entities have

---

[1] PSC Thrive, LLC's bankruptcy filing was initially docketed as Case No. 26-17757-MMH.

2

filed for bankruptcy protection in other districts, as has YSA Investments 1, LLC.[2] Hundreds, if not thousands, of tenants are affected by these filings.

For these reasons, it appears that the Debtor conducts no business in Maryland and that its operations, assets, and creditors are primarily located in Oklahoma. Although the majority of the properties appear to be located in Oklahoma, the majority of the bankruptcy filings have been made in the Northern District of Texas. In the Texas Cases, the Honorable Stacey Jernigan sua sponte ordered the appointment of a Chapter 11 Trustee on July 28, 2026. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Debtor show cause, in writing, why this case should not be transferred to the United States Bankruptcy Court for the Western District of Oklahoma, the Northern District of Texas, or another judicial district where venue is proper **on or before August 13, 2026**; and it is further

**ORDERED**, that the Court will conduct a virtual status conference in this matter on **August 14, 2026, at 3:00 p.m., ET**.

cc:    Debtors
       Debtors' Counsel
       U.S. Trustee

**END OF ORDER**

---

[2] The related bankruptcy filings in other districts are: in the Western District of Oklahoma, Fairfax Investors, LLC, Case No. 26-11984; Fairfax Best Living, LLC, Case No. 26-11985; Woodland Oaks Best Living, LLC, Case No. 26-11986; Woodland Oaks Investors, LLC, Case No. 26-11987; in the Northern District of Texas, 727 Loft's Best Living, LLC, Case No. 26-32779; 727 Loft Holdings, LLC, Case No. 26-32780; Remington Ranch's Best Living, LLC, Case No. 26-32804; Lofts at North Penn Best Living LLC, Case No. 26-32920; A-V Village Creek Owner, Case No. 26-32922; Barcelona Best Living, LLC, Case No. 26-33093; Louis Investments, LLC, Case No. 26-33110; Woodland Manor Best Living, LLC, Case No. 26-33167l; Woodland Manor TIC 1, LLC, Case No. 26-33168; and Ridge Best Living, LLC, Case No. 26-33177; and in the District of Delaware, YSA Investments 1, LLC, Case No. 26-11178 (the Court references the cases filed in the Bankruptcy Court for the Northern District of Texas as the "Texas Cases").